UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RAY CASTRO;<br><br>                              Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>                              Defendants. | Case No.:  22-cv-802-CAB-MSB<br><br>**ORDER:**<br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]; and**<br><br>**2) DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii).** |

On June 2, 2022, Plaintiff Eric Ray Castro, a non-prisoner, filed this civil action against a host of defendants, including the State of California, California Highway Patrol, and San Bernardino County, among others.  [Doc. No. 1.]  Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  [Doc. No. 2.]

**I.     Motion to Proceed IFP**

Generally, all parties instituting a civil action in this court must pay a filing fee.  *See* 28 U.S.C. § 1914(a); CivLR 4.5(a).  However, under 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs.  "An affidavit in support of an IFP

application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Here, Plaintiff represents that his take-home pay averages $1,671 per month, and that he has $43 in cash or in a checking or savings account. [Doc. No. 2 at 1-2.] Plaintiff also states that his costs for necessities and other regular monthly expenses total $1,671 per month. [*Id.* at 2.] Although Plaintiff completed an outdated version of the IFP application form, the application sufficiently shows that Plaintiff lacks the financial resources to pay filing fees. Accordingly, Plaintiff's Motion to Proceed IFP is **GRANTED**.

**II.     Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

Upon granting a request to proceed IFP, the Court must additionally analyze the sufficiency of the complaint under 28 U.S.C § 1915. A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* dismissal if it is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal—even if dismissal comes before the defendants are served"). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

Upon review, Plaintiffs' complaint fails to comply with Federal Rule of Civil Procedure 8. Rule 8 requires that each pleading include a "short and plain statement of the

claim," FED. R. CIV. P. 8(a)(2), and that each allegation "be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). In addition to the grounds for *sua sponte* dismissal set out in section 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling").

Plaintiff's complaint alleges that he was physically injured after being arrested, placed in solitary confinement for "at least 10 days" without being treated for his injuries, and "forced to act against his will in order to be released from jail by signing court documents presented by a lawyer." [Doc. No. 1 at 2.] However, Plaintiff does not identify what specific claims he seeks to bring against which specific defendants (of the five defendants named), or which defendant allegedly caused him which injury. Plaintiff also does not explain why the government entities named as defendants are liable for the actions of the unnamed individuals who allegedly caused Plaintiff harm. Moreover, without asserting the relevant law under which he brings his action, Plaintiff does not state a basis for federal question jurisdiction to bring his claims before this Court. The complaint therefore fails to comply with Rule 8 and to state a claim upon which relief can be granted.

Accordingly, even if Plaintiff is entitled to proceed IFP, the complaint must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) . . . requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim."). However, the complaint is dismissed without prejudice, subject to refiling an amended complaint resolving the issues discussed above.

**III.   Conclusion**

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion to Proceed IFP [Doc. No. 2] is **GRANTED**;

2. The complaint [Doc. No. 1] is **DISMISSED** without prejudice. Plaintiff shall have until **July 7, 2022** to file an amended complaint under this case number resolving the issues discussed above. If Plaintiff does not file an amended complaint by July 7, 2022, the Clerk of the Court shall dismiss the case without prejudice and terminate the action.

It is **SO ORDERED**.

Dated: June 7, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge